IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

SEP 21 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

RICKEY WHITE, )
 )
Plaintiff, )
 )
v. ) No. CIV 09-140-RAW-SPS
 )
RANDY WORKMAN, et al., )
 )
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment, plaintiff's motions for summary judgment, and plaintiff's numerous miscellaneous motions. The court has before it for consideration plaintiff's amended complaint, the parties' motions and responses, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of DOC who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at OSP. The defendants are OSP Warden Randall Workman, OSP Unit Manager Linda Morgan, OSP Officer Darrel Wilson, OSP Officer Amy Thomas, OSP Unit Manager Debbie Aldridge, and OSP Officer Crysta Robbins.[1] He alleges that despite the defendants' knowledge of a

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v.*

dangerous situation regarding prison gangs, he was moved from protective custody to the general population without his authorization or consent. He also claims he was assigned to a cell with an inmate who had gang associations and a history of violent attacks. This cell partner allegedly received several "kites" with instructions to attack plaintiff, but prison officials ignored plaintiff and left him in a life-threatening situation.

The defendants have filed a motion to dismiss or for summary judgment, alleging plaintiff failed to exhaust the administrative remedies available to him for his claim prior to filing this action. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, 549 U.S. 199 (2007). Proper exhaustion contemplates full compliance with all agency deadlines, including the deadlines enumerated in a prison's grievance procedures. *See Woodford v. Ngo*,

---

*Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

2

548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .").

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If that is unsuccessful, he may submit a Request to Staff. If the complaint still is not resolved, he then may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken.

The special report shows that on February 13, 2009, plaintiff was moved to the F-Cell House after receiving a misconduct for Sexual Activity on February 9, 2009. In February and March 2009, he sent three Requests to Staff regarding water in his cell and a separatee against another inmate. He received a response to each Request to Staff, but his two attempted grievance appeals in 2009 were returned unanswered, because they were improperly filed. According to Debbie Morton, Administrative Programs Officer of DOC's Administrative Review Unit, plaintiff failed to comply with DOC grievance procedures. Therefore, he did not exhaust his available administrative remedies.

**ACCORDINGLY,** the defendants' motion to dismiss this action for failure to exhaust administrative remedies [Docket #76] is GRANTED, and this action is, in all respects, DISMISSED. All of plaintiff's pending motions are DENIED as moot.

**IT IS SO ORDERED** this 21st day of September 2010.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

3